IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| R.J., et al. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| PEDRO RIVERA, et al. | : | NO.  15-5735 |
| | : | |

**MEMORANDUM**

**Padova, J.**                                                                        **August 16, 2016**

Plaintiffs bring this action against the Pennsylvania Secretary of Education, the Commonwealth of Pennsylvania, and the Pennsylvania Department of Education ("PDE") for attorney's fees and costs under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.*  Defendants move to dismiss the Amended Complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, we deny the Motion.

**I.      BACKGROUND**

The Amended Complaint alleges the following facts.  Plaintiffs X.J. and J.M., each of whom is a "child within a disability" as defined by § 1402(3)(A) of the IDEA, attended the Walter D. Palmer Leadership and Learning Charter School ("Palmer Charter School").  (Am. Compl. ¶¶ 24-25, 36-37.)  Both students stopped attending the Palmer Charter School in January 2015 when the school ceased operations due to financial difficulties.  (Id. ¶¶ 26, 38.)  Following the school's closing, Plaintiffs each filed due process complaints against the Palmer Charter School and the PDE alleging that X.J. and J.M. had been denied a free appropriate public education ("FAPE"), to which they were entitled under the IDEA.  (Id. ¶¶ 29, 40.)  In both cases, the administrative hearing officers determined that the Palmer Charter School had, indeed, failed

to provide FAPEs to the Plaintiffs.  (Id. ¶¶ 32, 43.) As a result, the PDE was ordered to provide Plaintiffs with compensatory educations, as the Palmer Charter School was defunct.  (Id. ¶¶ 33, 44.)  As prevailing parties, Plaintiffs now seek attorney's fees and costs.  (Id. ¶¶ 34, 45.)

## II.   LEGAL STANDARD

When considering a motion to dismiss pursuant to Rule 12(b)(6), we "consider only the complaint, exhibits attached to the complaint, [and] matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)).  We take the factual allegations of the complaint as true and "construe the complaint in the light most favorable to the plaintiff." DelRio-Mocci v. Connolly Props., Inc., 672 F.3d 241, 245 (3d Cir. 2012) (citing Warren Gen. Hosp. v. Amgen, Inc., 643 F.3d 77, 84 (3d Cir. 2011)).  Legal conclusions, however, receive no deference, as the court is "'not bound to accept as true a legal conclusion couched as a factual allegation.'"  Wood v. Moss, 134 S. Ct. 2056, 2065 n.5 (2014) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

A plaintiff's pleading obligation is to set forth "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), which gives the defendant "'fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  The complaint must contain "'sufficient factual matter to show that the claim is facially plausible,' thus enabling 'the court to draw the reasonable inference that the defendant is liable for [the] misconduct alleged.'"  Warren Gen. Hosp., 643 F.3d at 84 (quoting Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009)).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more

than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). In the end, we will grant a motion to dismiss brought pursuant to Rule 12(b)(6) if the factual allegations in the complaint are not sufficient "'to raise a right to relief above the speculative level.'" W. Run Student Hous. Assocs., LLC v. Huntington Nat'l Bank, 712 F.3d 165, 169 (3d Cir. 2013) (quoting Twombly, 550 U.S. at 555).

## III.   DISCUSSION

The IDEA provides that the parent of a child with a disability who is a prevailing party in an IDEA proceeding may recover reasonable attorney's fees and costs. See 20 U.S.C. § 1415(i)(3)(B). Because the Palmer Charter School is insolvent and closed, Plaintiffs seek recovery of their attorney's fees and costs from the Pennsylvania Secretary of Education, the Commonwealth of Pennsylvania, and the PDE. Defendants move to dismiss the Amended Complaint p because Plaintiffs are not prevailing parties as to the Defendants in this case and because the Defendants do not serve as fiscal guarantors for a closed charter school.

A "prevailing party" is a party who receives "actual relief on the merits of his claim [that] materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." Farrar v. Hobby, 506 U.S. 103, 111-12 (1992). In this case, the Amended Complaint alleges that, during the administrative hearing process, the PDE sought to be dismissed as a defendant, claiming that it was not a proper party to those proceedings. The administrative hearing officers, however, denied the motion and ordered the PDE to provide compensatory education in both cases. (See Am. Compl. Ex. A at 20, Ex. B at 14.) Nonetheless, Defendants contend that Plaintiffs were not prevailing parties in the administrative proceedings because Defendants were always willing to provide the compensatory education, and the orders thus did not change their behavior. (See Defs.' Reply Br. at 3 & n.2.)

3

However, it is not appropriate for us to consider this argument when deciding a motion to dismiss, as we can only consider "the complaint, exhibits attached to the complaint, [and] matters of public record." <u>Mayer v. Belichick</u>, 605 F.3d 223, 230 (3d Cir. 2010) (citation omitted).  Because the Amended Complaint and the attached exhibits allege that the PDE was ordered to provide compensatory education, thereby changing its legal relationship with the parties, we conclude that the Amended Complaint sufficiently alleges that Plaintiffs were prevailing parties in the administrative proceedings.  Consequently, we deny the Motion as to Defendants' argument that Plaintiffs are not prevailing parties as to Defendants for purposes of recovery pursuant to 20 U.S.C. ¶ 1415(i)(3)(B).

Defendants also move to dismiss the Amended Complaint because they are not fiscal guarantors of defunct charter schools.  Specifically, Defendants argue that they should not be required to pay Plaintiffs' attorney's fees from the administrative proceedings because the Palmer Charter School, not Defendants, was responsible for providing Plaintiffs with FAPEs and failed to fulfill this obligation. Defendants contend that they should not be required to assume the Palmer Charter School's financial obligations from this failure simply because the Palmer Charter School is insolvent.

The question of whether the prevailing party or the PDE should bear the burden of a charter school's insolvency was thoroughly examined in <u>Charlene R. v. Solomon Charter School</u>, 63 F. Supp. 3d 510 (E.D. Pa. 2014).  In that case, the Court found that both the language of the IDEA and congressional intent

> clearly signal that the [state educational agency ("SEA")] is to bear primary responsibility for ensuring that every child receives the FAPE that he or she is entitled to under the IDEA.  While the SEA ordinarily delegates actual provision of this education to [local educational agencies ("LEAs")], the SEA by statute must step in where a LEA cannot or will not provide a child with a FAPE.

Id. at 516 (citing Kruelle v. New Castle Cty. Sch. Dist., 642 F.2d 687, 697 (3d Cir. 1981)). Consequently, the Charlene R. Court concluded that, because the charter school responsible for failing to provide Plaintiff with a FAPE was insolvent, the responsibility for compliance with a settlement agreement awarding both compensatory education and attorney's fees to the plaintiffs flowed to the PDE, even though that agency was not a party to the settlement agreement. Id. at 512, 519-20.

As the Charlene R. Court noted, "Pennsylvania has encouraged the growth of charter schools, which are considered to be public schools and LEAs under the IDEA." Id. at 519. These charter schools, unlike public school districts, "can simply disappear," leaving students with no recourse other than suing the PDE and the Commonwealth to vindicate their rights. Id. at 520.  Because the IDEA specifically allows the parents of students who have been denied FAPEs to recover the costs associated with obtaining that education, it would be contrary to the language of the statute and congressional intent to deprive Plaintiffs of this compensation solely because they were attending a state-encouraged charter school instead of a more traditional institution.  Given these specific circumstances, we deny Defendants' Motion insofar as Defendants argue that the claim for attorney's fees and costs should be dismissed because they are not fiscal guarantors of charter schools.

IV.     **CONCLUSION**

For the foregoing reasons, we deny Defendants' Motion to Dismiss.  An appropriate Order follows.

BY THE COURT:

/s/John R. Padova
John R. Padova, J.

5